FILED

AUG 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**+CORRECTED**
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JIM SLEMONS HAWAII, INC., | No. 13-60033 |
| Debtor, | BAP No. 11-1464 |
| JIM SLEMONS HAWAII, INC., | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| CONTINENTAL INVESTMENT COMPANY, LTD; et al., | |
| Appellees. | |
| In re: JIM SLEMONS HAWAII, INC., | No. 13-60034 |
| Debtor, | BAP No. 11-1468 |
| JIM SLEMONS HAWAII, INC., | |
| Appellant, | |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

CONTINENTAL INVESTMENT
COMPANY, LTD; et al.,

     Appellees.

---

In re: JIM SLEMONS HAWAII, INC.,       No. 13-60035

     Debtor,                      BAP No. 11-1475

JIM SLEMONS HAWAII, INC.,

     Appellant,

  v.

CONTINENTAL INVESTMENT
COMPANY, LTD,

     Appellee.

---

In re: JIM SLEMONS HAWAII, INC.,       No. 13-60040

     Debtor,                      BAP No. 11-1464

CONTINENTAL INVESTMENT
COMPANY, LTD,

     Appellant,

  v.

JIM SLEMONS HAWAII, INC.,

Appellee,

UST - UNITED STATES TRUSTEE,
HONOLULU; et al.,

Interested Parties.

In re: JIM SLEMONS HAWAII, INC.,                    No. 13-60041

Debtor,                    BAP No. 11-1468

CONTINENTAL INVESTMENT
COMPANY, LTD,

Appellant,

v.

JIM SLEMONS HAWAII, INC.,

Appellee,

UST - UNITED STATES TRUSTEE,
HONOLULU; et al.,

Interested Parties.

In re: JIM SLEMONS HAWAII, INC.,                    No. 13-60042

Debtor,                    BAP No. 11-1475

CONTINENTAL INVESTMENT
COMPANY, LTD,

        Appellant,

  v.

JIM SLEMONS HAWAII, INC.,

        Appellee.

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Jury, and Taylor, Bankruptcy Judges, Presiding

+Submitted June 20, 2014[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, and FISHER and WATFORD, Circuit Judges.

**1.** The bankruptcy court did not abuse its discretion by denying debtor's second motion to recuse Judge Faris. No reasonable person could conclude, based on this record, that Judge Faris's impartiality might be questioned. *See In re Focus Media*, 378 F.3d 916, 929–30 (9th Cir. 2004). Even assuming the November 9, 2009, order Judge Faris entered differed from his oral ruling, debtor has failed to show why such a discrepancy would demonstrate impermissible bias requiring

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

recusal, rather than merely providing "grounds for appeal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The local rules at the time did not require signatures from either the United States Trustee or debtor, and Judge Faris provided ample time for the parties to review the proposed order. Debtor could have commented on the proposed order prior to entry, or appealed the order before it became final. That debtor failed to take basic, necessary steps to address what it believed to be an erroneous order does not in any way cast doubt upon Judge Faris's impartiality.

**2.** The bankruptcy court did not abuse its discretion by denying debtor's motion to reopen. Debtor provided no legal or factual basis for reopening the proceeding. The "facts" that debtor relied on were unrelated to the merits of the second recusal motion, and the vague assertion of "new matters" did not warrant reopening the matter.

**3.** We decline to exercise jurisdiction over Continental's cross-appeal of the recusal order. "Ordinarily, only a party aggrieved by a judgment or order of a [lower] court may exercise the statutory right to appeal therefrom." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980). Subject to certain prudential exceptions, a party which has prevailed before the lower court is not considered aggrieved. *See Envtl. Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1075 (9th Cir. 2001). Continental prevailed below and does not even attempt to

explain how this case falls within a prudential exception to our general rule. Because Continental was not aggrieved by the bankruptcy court's denial of debtor's second motion to recuse, it may not challenge that order's factual findings on appeal.

**4.** Each party shall bear its own costs on appeal.

**AFFIRMED.**